UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ABRAHAM MANSOUR,

                      Plaintiff,

      - v -

KUWAIT AIRWAYS CORP.,

                      Defendant.
------------------------------------------------------------x

**ORDER**

CV-02-6723 (NG)(VVP)

      By letter dated August 3, 2003, the plaintiff has moved for sanctions, including an order striking the defendants' answer, because of the failure by the defendants to respond to the plaintiff's interrogatories. The defendants have submitted a letter dated August 7, 2003 in opposition.

      The interrogatories at issue were served by the plaintiff on June 3, 2003. They remain unanswered to date, more than 60 days after service, and the defendants have undertaken only to "respond, *at least preliminarily*, to Plaintiff's interrogatories, by no later than August 22, 2003." Def't Ltr at p. 2 (emphasis added). This cavalier approach to discovery by the defendants is simply unacceptable. Responses were due within 30 days under the Federal Rules of Civil Procedure, and absent an agreement among counsel to extend that time, responses should have been served within 30 days. Fed. R. Civ. P. 33(b)(3). The defendants' excuse based on the difficulties apparently encountered by counsel in obtaining documents and information from his client is equally unacceptable. The defendants must be made to understand their obligation to respond promptly, and it is their counsel's obligation to insure that they do. In today's world, with virtually instantaneous communication by telefacsimile and e-mail, the fact that the head office of the defendant is thousands of miles distant is no barrier to prompt responses. The defendants' argument that the plaintiff has suffered no prejudice is incorrect. That there may yet be time to complete discovery before the discovery deadline does not mean that the time within which the plaintiff is now

required to follow up on the information that is yet to be revealed has not been constricted, and the plaintiff may be required to forego pursuing some information because of the reduced time now available to him. Moreover, timely responses, even if not complete, would at least convey any objections to the discovery requested and permit the parties, with or without the court's intervention, to resolve any disputes concerning the scope of discovery. Finally, the plaintiff's counsel presumably has other matters to work on, and his efforts to plan and schedule his work on this and other cases is disrupted by the defendants' delay.

That said, the plaintiff is not entitled to the drastic sanction he requests. Such a sanction may only be awarded for discovery violations if a party has failed to comply with a court order to produce discovery, see Fed. R. Civ. P. 37(b)(2), and even then only upon a finding of wilfulness and bad faith, and after consideration of less drastic alternative sanctions. See, e.g., West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779-80 (2d Cir. 1999).

The plaintiff is entitled, however, to an order compelling responses and restrictions on the objections the defendants may lodge. Accordingly, the defendants are hereby directed to serve written responses to the plaintiff's interrogatories forthwith, and in no event later than August 20, 2003. No information may be withheld from those responses on the basis of any objection or claim of privilege, all such objections and claims of privilege having been waived by the defendants' failure to respond to the plaintiff's requests within the time provided by the Federal Rules of Civil Procedure. To the extent that the responses are incomplete, the defendants of course have an obligation to supplement the responses promptly. The plaintiff may bring to the court's attention any responses that remain incomplete after September 8, 2003 for consideration of such further sanctions as may be warranted.

The plaintiff has also requested an award of attorneys' fees. Such an award is authorized, and warranted. See Fed. R. Civ. P. 37(a)(4). The plaintiff's counsel, however, need not have expended the efforts he undertook to make the instant motion,

which included the drafting of a lengthy affirmation in addition to his three-page letter. A simple letter advising the court that the defendants had not yet responded to the interrogatories and a request for an order compelling responses would have been sufficient. Such a letter should take no more than an hour to draft. The purpose for the informal procedure for resolving discovery disputes in this district, as embodied in Local Civil Rule 37.3, is to keep the costs of conducting discovery and resolving discovery disputes as low as possible. Accordingly, the plaintiff is entitled to be reimbursed $200 for the reasonable attorneys' fee that should have been incurred for bringing this matter to the court's attention. The defendants shall tender payment in that amount to counsel for the plaintiff within ten business days.

SO ORDERED:

dge

Dated: Brooklyn, New York
August 13, 2003